UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Selena S. Randolph,
        Plaintiff,

COMPLAINT SEEKING
PRELIMINARY AND
PERMANENT
INJUNCTIVE RELIEF

      v.

        Civil Case No.
_____

WBL SPE II, LLC, as successor to
World Business Lenders, LLC,
          Defendant.

**COMPLAINT SEEKING PRELIMINARY AND PERMANANET
INJUNCTIVE RELIEF, TO VOID COMMERCIAL LOAN AND TO
RESCIND MORTGAGE SECURING THAT LOAN FOR ILLEGALITY**

NOW COMES Plaintiff Selena Randolph ("Plaintiff" or "Randolph"), of 16 Front Street, Rochester, New Hampshire 03867 by and through her attorney, and complains against creditor, WBL SPE II, LLC, as successor to World Business Lenders, LLC (the "Defendant" or "WBL") of 101 Hudson Street, Floor 33, Jersey City, New Jersey 07302, and says:

## PARTIES

1. Plaintiff Randolph is an individual whose principal residence is at 16 Front Street, Rochester, New Hampshire 03868.  Randolph is the owner of this property which she currently occupies as her home and principal residence.

2. Defendant, WBL, is a non-bank, private lender with a place of business at 101 Hudson Street, Floor 33, Jersey City, New Jersey 07302.

## JURISDICTION

3. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity between the states of residence and place of business of the parties and the amount in controversy, the value of the subject property, exceeds $75,000.

## FACTS

4. Randolph owns three properties in the Rochester, New Hampshire area where she and her mother live, and where some of the units are part of a rental business which she operates under the name, Absolut Residential Care LLC.

5. During January of 2014 Randolph found it necessary to borrow $10,000 to pay for repairs to her buildings.

6. Randolph located WBL, World Business Lenders, LLC, through an Internet search and applied for an Internet originated loan on or about January 3, 2014.

7.  WBL is in the business of making Internet loans, advertising on the Internet that it "Makes Small Business Loans for Big Business Growth", offering financing from $5,000 to $2,000,000 with as little as 24 hour turn around.

8. Randolph obtained a $10,000 loan on January 3, 2014, and the $10.000 was wired to her bank account with Citizens Bank on January 6, 2014.  Please see Exhibit 1.

9. WBL appears to be the holder of a note in the face amount of $11,095.95 which appears to be secured by a second mortgage against said real property, which mortgage is recorded at the Strafford County Registry of Deeds at Book 4190, Page 0891.  Note is attached as Exhibit 2.


10. The loan terms included a stated interest rate of 0.342465753425 % per day, listed principal, "(including processing fees)" of $11,095.95 and a daily payment equaling $118.20.  A final payment of $116.67 was due on 7/7/2014.  Please See Exhibit 2.

11. All payments were to be made by automatic ACH debit from a "Designated Checking Account".

12. Randolph made a number of payments totaling approximately $8,000, but because of her irregular payment she was charged interest, a number of fees and penalties.

13.She was never able to repay this loan and the interest, fees and penalties apparently mounted.

14.WBL claims that the unpaid balance of the loan as of 4/4/18 stood at $50,017.81.  With attorney fees, the amount claimed is $67,014.56 per the Mortgage Servicer's Worksheet filed in the Bankruptcy Court 4/13/18.  Please see Worksheet attached as Exhibit 3,

15.At no time did Randolph receive the disclosure of loan terms required by NH RSA 397-A:16-a, VI and RSA 399-B:2, as detailed below.

16.By charging $29,198.68 interest on the $10,000 loan, WBL violated the interest caps in RSA 397-A:16, as detailed below.

17.WBL has scheduled a foreclosure sale for August 21, 2018 at 11:00 A.M.. Please see Exhibit 4.

**COUNT I: WILFUL VIOLATION OF RSA 397-A:16-a, RENDERS THE LOAN VOID FOR ILLEGALITY**

18.Randolph repeats and re-alleges the allegations set forth in paragraphs 1 through 17 of this Complaint.

19. The loan in question is a "mortgage loan" per RSA 397-A:1, XIV because it is a second mortgage loan which is secured in whole or in part by a mortgage upon any interest in real property used as a dwelling with accommodations for not more than 4 families.

20. The mortgaged property owned by Randolph at 16 Front Street, Rochester is a duplex occupied by Randolph's mother when the loan originated and currently occupied by Randolph and her mother.

21. Randolph is a "borrower" per RSA 397-A:1 because she was the homeowner who obtained funds from WBL by the signing of a note and mortgage deed on the dwelling at 16 Front Street.

22. The dwelling at issue in this action is "real property" because it is land and the improvements thereon, a multifamily dwelling not exceeding four units, wholly or partly used or occupied, or intended to be used or occupied, as the home or residence of one or more persons.  The current occupants are Randolph and her mother.  At the time the loan originated, Randolph's mother occupied one of the two units.

23. The loan at issue is a "second mortgage loan" per RSA 397-A:1, XXII because it is secured in whole or in part by a mortgage upon an interest in real property used or intended to be used as a dwelling with accommodations for not more than 4 families, which property is subject to the lien of one or more prior mortgages.

24. When the WBL loan originated, and currently, the property was subject to a senior mortgage held by Bank of America.  The balance of that loan stands at

approximately $97,339.26 per proof of claim of Bank of America filed in the

Bankruptcy Court.

25. Because the WBL mortgage is a second mortgage as defined in RSA 397-A:1,

XXII its terms and disclosures are regulated by RSA 397-A:16.

26. WBL violated the legal requirements and disclosures mandated by RSA 397-

A:16 as follows:

27. Unclear Disclosures of Repayment Provisons

    a.  NH RSA 397-A:16-a, VI provides,

      **RSA 397-A:16-a, VI**   The repayment provisions of any second
mortgage loan shall be clearly set forth in the loan documentation and finance
charges shall be clearly disclosed in accordance with RSA 399-B.

    b.   WBL did not clearly set forth the repayment provisions. To state that "the

      unpaid Principal shall bear interest at the rate of 0.342465753425%" daily

      when the lender knew the rate was 125% per annum, is unclear and

      misleading.

    c.  The principal sums and rate of interest are not clearly disclosed as required

      by RSA 397-A:16-a, IX.

    d.  There was never a breakdown and disclosure of "processing fees" so that

      Randolph could agree or not agree to be so charged.

    e.  Because the loan was originated through the internet, Randolph did not

      have opportunity to scrutinize or question the so-called processing fees.

f.  While the "interest rate" is set forth as 0.342465753425 per day, this percentage does not take into account any interest which may be included in the $1,095.95 in processing fees which is listed as part of principal. Thus, the interest rate is misstated.

g.  The violation of RSA 397-A:16-a, IX bars WBL from collecting any interest on this loan.

28. <u>Inadequate disclosures – Finance Charges</u>

a.  RSA 397-A:16-a, VI provides, in pertinent part:

i.  The repayment provisions of any second mortgage loan shall be clearly set forth in the loan documentation and <u>finance charges shall be clearly disclosed in accordance with RSA 399-B</u>."

b.  NH RSA 399-B:2 provides,

**399-B:2 Statement Required**.  Any person engaged in the business of extending credit shall furnish to each person to whom such credit is extended, concurrently with the consummation of the transaction or agreement to extend credit, a clear statement in writing setting forth the finance charges, expressed in dollars, rate of interest, or monthly rate of charge, or a combination thereof, to be borne by such person in connection with such extension of credit as originally scheduled.

c.  There is no adequate disclosure of the "finance charges" as required by RSA 397-A:16-a, VI and RSA 399-B.

d.  The word "finance charge(s)" does not appear anywhere in the loan document.

e. The $1,095.95 processing fee is not itemized and most likely contains charges which are interest.

f. At no time did Randolph receive any written explanation of the finance charges she would bear in connection with this loan.

g. With no explanation of "processing fees", Randolph was unable to determine the actual amount of interest she would be charged. in accordance with RSA 399-B.

h. The substantial prejudice to Randolph is that she is unable to determine how she could owe $50,017.81 on a $10,000 loan after paying approximately $8,000 in ACH withdrawals from her account.

i. WBL deliberately set forth the interest rate of 0.342465753425 which fails to include any part of the $1095.95 of "processing fees".

## Violation of Interest Rate Caps after Default - RSA 397-A:16-a, II

29. The allegations of paragraphs 1 through 28 are incorporated herein by reference.

RSA 397-A:16-a, II provides, in pertinent part,

a. II. Notwithstanding any other provisions of this chapter, the charges which may be collected on any second mortgage loan made under this chapter for the period beginning 6 months after the originally scheduled final installment date of a loan other than an open-ended loan . . . shall not exceed 18 percent per annum simple interest on the balances outstanding from time to time during said period.

b. WBL violated this interest rate cap by charging 125% interest during the period six months after the final payment due date.

c. The maturity date for the loan was July 7, 2014. Please see Exhibit 2.

d. Six months from the maturity date was January 7, 2015.

e. At 18% per annum, the interest which accrued from January 7, 2015 to April 4, 2018 at the statutory rate should have been $4,694.13.

f. As shown on WBL's worksheet, the unpaid interest owing through April 4, 2018 was $29,198.68.  Most of this accrued from January 7, 2015 through April 4, 2018.

g. By claiming $29,198.68 interest, WBL has willfully and flagrantly ignored the interest cap in RSA 397-A:16 , II.

h. NH RSA 397-A:21 provides that a willful violation of RSA 397-A is the commission of a felony when committed by a limited liability company or corporation.

   **NH RSA 397-A:21  Penalty**.  Any person who violates any provision of this chapter shall be guilty of a misdemeanor for each violation if a natural person, or guilty of a felony if any other person.

30. Because WBL committed a felony by willfully failing to provide clear disclosure of repayment terms, failing to properly disclose the finance charge, and charging interest well beyond the statutory rate cap, the resulting loan contract is illegal and void.

31. Randolph seeks this Court's determination that the loan and accompanying mortgage are void and unenforceable as the product of an illegal contract.

32. Randolph further seeks this Court's determination that foreclosure of the 16 Front Street property to collect the illegal note and mortgage should be preliminarily and permanently enjoined.

33. Randolph seeks an award of reasonable attorney's fees per RSA 397-A:16-a, XIII.

### COUNT II: VIOLATION OF NH RSA 397-A:16-a, XI

34. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 33 of this Complaint as if set forth at length herein.

35. RSA 397-A:16-a, XI provides, in relevant part,

   a. At least 15 days prior to the commencement of any foreclosure proceedings, the lender shall send to the borrower by registered mail a statement of his or her intention to foreclose which shall specify the amount of principal, interest and other indebtedness, if any, owing and accruing under the note and mortgage. Failure of the lender to comply with the provisions of this section shall suspend his or her rights until such time as he or she complies with the provisions of this section.

36. WBL has scheduled a foreclosure sale of Randolph's property at 16 Front Street for August 21, 2018.

37. WBL did not send the letter required by RSA 397-A:16-a, XI at any time within 15 days of the scheduled foreclosure.

38. WBL's failure to comply with the requirements of this provision suspends its rights to proceed with foreclosure until such time as it complies.

39. Randolph seeks this Court's finding that WBL's failure to comply with the notice requirement of RSA 397-A:16-a, XI suspends its right to foreclose until it has complied.

40. Plaintiff further seeks this Court's determination that foreclosure of the 16 Front Street property to collect the illegal note and mortgage should be preliminarily and permanently enjoined.

41. Randolph seeks an award of reasonable attorney's fees per RSA 397-A:16-a, XIII

## COUNT III: VIOLATION OF NH RSA 399-A:

42. The allegations of paragraphs 1 through 41 are incorporated herein by reference

43. WBL is a "Lender" within the meaning of RSA 399-A:1, VIII because it is a limited liability company that lends money or gives credit temporarily on condition that the amount borrowed be returned, with an interest fee.

44. The loan which WBL extended to Randolph was a "Small Loan" within the meaning of RSA 399-A: XIV because it was a closed-end loan in the amount of $10,000 and WBL contracted to receive, directly or indirectly interest, compensation, consideration, or otherwise, in an amount greater than 10 percent.   In fact, the loan called for interest at the rate of 125% per annum.[1]

45. Although the promissory note states that principal is $11,095.95, in fact Ms. Randolph only received $10,000 and the $1,095.95 added to principal are bogus fees and unknown charges added to increase WBL's recovery on this loan. Her bank statement, Exhibit 1, shows receipt of only $10,000 on January 6, 2014.

46. RSA 399-A:11, XI forbids the addition of any charge for examination, service, brokerage, commission, or other fee except for lawful fees actually paid out by the lender to a public officer for filing or recording in any public office any instrument securing such loan

47. Because the loan at issue is a "small loan" within the meaning of the act, WBL was forbidden from accepting real estate as collateral for the loan per RSA 399-A:11, VIII.

---

[1] The only partial statement of interest states that it is calculated at the rate of .342465753425 per day.  This amount multiplied by 365 days equals 125%.

a. RSA 399-A:11, VIII provides, in relevant part, "No person shall be permitted to accept as collateral on a loan under this chapter: (a) Real estate."

48. RSA 399-A:11, IX provides, Any agreement purporting to convey to a lender a security interest in the property listed in paragraph VIII shall be null and void.

49. Since WBL should not have taken real estate as collateral, any part of the $1,095.95 for recording fees or title examination should not have been collected.

50. All other fees are likewise prohibited by RSA 399-A:11, XI.

51. The mortgage held by WBL against Randolph's property is null and void by operation of RSA 399-A:11, IX,

52. Randolph seeks this Court's declaration that the mortgage is void and the foreclosure sale is preliminarily and permanently enjoined.

## COUNT IV: UNFAIR AND DECEPTIVE TRADE PRACTICE IN VIOLATION OF NH RSA 358-A;2

53. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 52 of this Complaint as if set forth at length herein.

54. WBL is a "person" as defined in RSA 358-A:1 because it is a limited liability company, a legal entity.

55. WBL advertised, originated and funded a loan to Randolph in New Hampshire, taking a security interest in her Rochester, New Hampshire real estate.  These actions involved the conduct of trade or commerce within the state.

56. By wilfully committing the lending practices set out in the above counts, WBL used unfair or deceptive acts or practices in the conduct of trade or commerce in this state, in violation of RSA 399-B:2 and RSA 358-A:2.

57. Randolph claims double or treble actual or statutory damages, plus reasonable attorney's fees, pursuant to RSA 358 A:10 and RSA 397-A:16 for violations as aforesaid.

58. Randolph demands judgment for such damages as the Court awards for all violations proven at trial.

**59. COUNT V – APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

a.  Plaintiff faces irreparable harm if defendant WBL proceeds to foreclose the mortgage which it holds on her property at 16 Front Street, Rochester, New Hampshire.

b. The irreparable harm will result if she is divested of title by the sale as she will lose any and all equity she has accrued since purchasing the property. In addition, 16 Front Street is the home occupied by Ms. Randolph and her mother, Eula M. Randolph-Grogan.

c. The harm is immediate as foreclosure sale is scheduled for August 21, 2018.

d. Plaintiff has a number of defenses to the foreclosure on which she is likely to succeed.

e. These defenses are set forth in this complaint and are incorporated by reference.

f. The public interest favors granting injunctive relief as all of the claims are based upon enforcement of statutes the legislature has enacted in order to protect borrowers from the lender abuse.

## PRAYER FOR RELIEF

WHEREFORE, Randolph respectfully requests that this Honorable Court:

A. Enter Judgment determining that the $10,000 loan and mortgage are void as the result of an illegal contract originated by WBL;

B. Enter Judgment determining that the $10,000 loan and mortgage are void because WBL was forbidden from taking a security interest in real estate by RSA 399-A:11, IX

C. Enter Judgment determining that the $10,000 loan and mortgage are void as the product of an illegal contract because WBL willfully and flagrantly exceeded the permitted rate caps six months after default imposed by RSA 397-A:16-a

D. Enter judgment determining that the note and mortgage held by defendant WBL

   are void and the foreclosure sale is preliminarily and permanently enjoined

E. Enter judgment against WBL and in favor of Randolph for the greater of statutory or actual damages pursuant to RSA 358-A:10;

F. Award Randolph reasonable attorney fees and costs pursuant to RSA 358-A:10; and RSA 397-A:16XIII.

G. Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Selena Randolph

By her attorney,

*/s/ Peter S. Wright, Jr., Esq.*

Date: August 19, 2018

Peter S. Wright, Jr. NH Bar No. 2797
UNH School of Law, Civil Practice Clinic
2 White Street
Concord, NH 03301
Email: peter.wright@law.unh.edu
Telephone: (603) 225-3350

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Selena S. Randolph,
                    Plaintiff,

COMPLAINT SEEKING
DECLARATORY AND
INJUNCTIVE RELIEF

v.

Civil Case No. _____

WBL SPE II, LLC, as successor to
World Business Lenders, LLC,
                    Defendant.

# EXHIBIT 1 – Randolph's Bank Statement

 **Citizens Bank**

**1-800-862-6200**

Call Citizens' PhoneBank anytime for account information, current rates and answers to your questions.

**Commercial Account Statement**

 **2** OF **2**

Beginning January 01, 2014
through January 31, 2014

*Commercial Checking continued from previous page*

## Other Debits (continued)

| Date | Amount | Description |
|---|---|---|
| 01/08 | 674.95 | Online Transfer To Checking 3313246321 |
| 01/15 | 4.66 | Online Transfer To Checking 3313246321 |
| 01/17 | 9.92 | Online Transfer To Checking 3313501453 |
| 01/28 | 10.29 | Online Transfer To Checking 3313246321 |

ABSOLUT RESIDENTIAL CARE LLC
**Business Green Checking**
331293-537-9

⊖ **Total Debits**
11,433.23

## Deposits & Credits

| Date | Amount | Description |
|---|---|---|
| 01/03 | 450.00 | Deposit |
| 01/06 | 10,000.00 | Incoming Wire Transfer (Mts No.140106007962) |
| 01/08 | 494.93 | Deposit |
| 01/08 | 100.00 | Deposit |
| 01/10 | 450.00 | Deposit |
| 01/13 | 70.25 | Deposit |
| 01/13 | 20.00 | Deposit |
| 01/17 | 450.00 | Deposit |
| 01/30 | 200.00 | Deposit |

⊕ **Total Deposits & Credits**
12,235.18

**Current Balance**
⊜ 202.51

## Daily Balance

| Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|
| 01/03 | .56 | 01/10 | 527.13 | 01/21 | 12.80 |
| 01/06 | 1,164.71 | 01/13 | 617.38 | 01/28 | 2.51 |
| 01/07 | 164.71 | 01/15 | 612.72 | 01/30 | 202.51 |
| 01/08 | 77.13 | 01/17 | 452.80 | | |