UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**Selena S. Randolph**

                **Plaintiff**

                                                                                             Civil No.: 1:18-cv-00730-JL

**v.**

**WBL SPE II, LLC**

                **Defendant**

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO
PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION

     NOW COMES the Defendant, WBL SPE II, LLC (hereinafter "WBL"), by and through counsel, Upton & Hatfield, LLP, and respectfully submits this memorandum of law in support of its objection to the Plaintiff's request for preliminary injunction, stating in support as follows:

**I.    Introduction**

     In this case, WBL agreed to provide a business loan to Absolut Residential Care, LLC (hereinafter "Absolut"): a residential and personal-care provider business owned and operated by the plaintiff.  The plaintiff executed a promissory note on behalf of Absolut to WBL, a "Business Loan Purpose Affidavit," and many other documents—all which stated that the loan funds would be used strictly for business purposes only.  To secure this business loan, the plaintiff signed a personal guarantee and mortgage on one of her many properties.  The plaintiff is now attempting to characterize the loan at issue as a consumer loan.  This is where her request for a preliminary injunction fails.  Her claims are based on statutes that do not apply to business loans, leaving her unable to demonstrate a likelihood of success of the merits.

     The plaintiff also cannot meet her burden on the other three elements for a preliminary injunction to be granted: (1) there is no foreclosure pending anymore, so there is no immediate

danger of irreparable harm;  (2) the harm to WBL in granting a preliminary injunction outweighs the harm to the plaintiff; and (3) the public interest would not be served in allowing the plaintiff to avoid her obligations related to this business loan.

For these reasons, more fully discussed herein, WBL submits that the plaintiff's request for a preliminary injunction should be denied.

**II.     Statement of Facts**

The plaintiff owns and operates the business Absolut Residential Care, LLC.  According to the Certificate of Formation filed with the N.H. Secretary of State in May 2006, Absolut is a residential provider and personal care provider.  Exh. A, Certificate of Formation.  As part of this business, the plaintiff owns several homes.  Compl. ¶ 4.

In or around January 2014, Absolut sought a loan from WBL.  The plaintiff received and signed the following documents as the owner of Absolut in order to obtain the loan:

Business Loan Summary (Exh. B)- This document disclosed the amount of the loan, $11,095.95; the amount of the processing fee, $1,095.95; the total amount of interest she would be charged, $3,795.72; her total repayment amount; the payment schedule; any prepayment charges; and charges she would incur for payment returned due to NSF.

Business Loan Authorization Agreement for Direct Deposit (ACH Credit) and Direct Payments (ACH Debits) (Exh. C)- In this document, the plaintiff attested that the bank account being used for deposit of the loan and loan payments was a business account: "By signing below, Borrower attests that the Designated Checking Account was established by Borrower, and the loan proceeds will be used for business purposes only and not for personal, consumer, family or household purposes or to purchase personal, consumer, family or household goods." *Id*. at ¶ 3.

This document defines "Borrower" as Absolut Residential Care, LLC. *Id*. at above signature line.

 Business Loan Purpose Affidavit (Exh. D)- In this affidavit, the plaintiff swore under oath that, "the proceed of the Loan Agreement of Eleven Thousand Ninety Five Dollars and Ninety Five Cents ($11,095.95), being furnished to Borrower will be used for business purposes only, and not for personal, consumer, family or household purposes or to purchase personal, consumer, family or household goods." *Id*. at ¶ 2. Again, this document defines "Borrower" as Absolut Residential Care, LLC. *Id*. at above signature line.

 Business Promissory Note and Security Agreement (Exh. E)- Throughout the Note, the "Borrower" is defined as Absolut Residential Care, LLC. It states the loan amount of $11,095.95. *Id*. at sec. 1. The interest rate per day of 0.342465753425% is listed. *Id*. at sec. 2. This document also contains a warranty from the plaintiff that "the proceeds of this Loan Agreement will be used for business purposes only, and not for personal, consumer, family or household purposes or to purchase personal, consumer, family or household goods." *Id*. at sec. 7(b). The plaintiff further warranted by signing the Note that the "Borrower is duly organized, validly existing and in good standing under the law of the jurisdiction in which it is organized, and has all licenses and authorizations necessary to carry on its business as now being conducted." *Id*. at sec. 7(e). The plaintiff signed the Note as the owner of Absolut. *Id*. at pg 11.

 The plaintiff also signed a personal guarantee for Absolut to obtain the loan from WBL. *Id*. at pp 13–14. As part of the personal guarantee, the plaintiff used one of her properties to secure the loan and executed a mortgage for 16 Front St, Rochester, NH. At the time the loan originated, this address was not the plaintiff's address. Her address was listed as 66 Prospect St, Rochester, NH. *Id*. at pg 13.

After receiving the signed documents, WBL deposited the loan proceeds into Absolut's checking account with Citizens Bank. Pl. Exh. 2. Unfortunately, Absolut did not repay the loan; it missed many payments and several payments were returned for insufficient funds.

In January 2017, the plaintiff personally filed for bankruptcy in U.S. Bankruptcy Court for the District of New Hampshire, docket # 17-10121-BAH. WBL filed a Motion for Relief from Stay in that proceeding on April 13, 2018. The Court granted WBL's motion on May 9, 2018, and WBL moved to collect the balance of the loan, interest, and other fees permitted under the Note from the plaintiff based on her personal guarantee by foreclosing on 16 Front St, Rochester, NH. Pl. Exh. 4.

The plaintiff filed this current action to enjoin WBL from foreclosing on this property and appears to claim that this was a personal loan to her, not Absolut. She also now claims that 16 Front St, Rochester, NH is her personal residence. WBL voluntarily agreed to stop the foreclosure process and has not initiated any further foreclosure proceedings.

**III.    Analysis**

    a.   Standard of Review

The issuance of a preliminary injunction is dependent on four elements: (1) the likelihood of success on the merits of the plaintiff's claims, (2) the presence of immediate irreparable harm if the injunction does not issue, (3) the weighing of the harm to the plaintiff versus the harm to the defendant, and (4) the public interest in granting the injunction. *New Comm. Wireless Servs. v. Sprintcom, Inc.*, 287 F.3d 1, 8–9 (1st Cir. 2002). It is the plaintiff's burden to show that she is entitled to injunctive relief based on these elements. *Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006).

Because the plaintiff has not met her burden on these four elements, WBL respectfully requests that her request for a preliminary injunction be denied.

b.  <u>Likelihood of Success on the Merits</u>

The most important element of the analysis is whether the plaintiff can show she is likely to succeed on the merits of her claims.  *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993).  If she cannot, "the remaining factors become matters of idle curiosity."  *Id*.

The plaintiff has based the majority of her claims on RSA 397-A, RSA 399-A, and RSA 399-B.  Each of these statutory chapters contains a definition section which limits the applicability of these chapters.  The loan at issue in this case does not fall under the definitions of any of these statutes, and the plaintiff cannot show that she is likely to succeed on the merits of her claims.

<u>Count I: RSA 397-A:16-a</u>

RSA 397-A is entitled "Licensing of Nondepository Mortgage Bankers, Brokers, and Servicers."  It is to "provide for the department's regulation of persons that offer, originate, make, fund, or broker . . . a mortgage loan secured by real property located in the state of New Hampshire."  RSA 397-A:2, I (2014).  Thus, for this chapter to apply, the loan must be a "mortgage loan" and WBL must qualify as a mortgage banker, broker, servicer, or originator.  In addition, the plaintiff must be a "borrower" under the statutory definitions.

First, the plaintiff is not the borrower.  RSA 397-A:1, III (2014) defines a "borrower" as "a homeowner . . . who obtains funds from another by the signing of a note and mortgage deed on a dwelling."  Most importantly, the plaintiff is not a party to the promissory note.  She signed the Note as the owner of Absolut, not on her own behalf.  The Note clearly states that the entity with which WBL is contracting is Absolut.  The plaintiff cannot claim to be the same as Absolut.

In 2006, the plaintiff filed a Certificate of Formation for Absolut Residential Care, LLC with the N.H. Secretary of State; it is a separate legal entity. The plaintiff also did not receive the loan funds, Absolut did. According to the bank statement provided by the plaintiff, the funds were deposited in Absolut's checking account at Citizens Bank. Pl. Exh. 1. Numerous times throughout the loan documents, the plaintiff stated that this loan was not for her personally but would be used for business purposes. As the plaintiff did not receive any loan funds, she cannot be the borrower.

Second, the loan in this matter is not a "mortgage loan." RSA 397-A:1, XIV (2014) states that a mortgage loan is a first or second mortgage "primarily for personal, family, or household use which is secured in whole or in part by a mortgage." The plaintiff repeatedly attested that the loan she received from WBL was for business purposes and would not be used for personal, family, or household purposes or to purchase personal, family, or household goods. The plaintiff admitted in her affidavit that she needed the loan to do repairs to her buildings— buildings that were part of her rental business. Pl. Aff. ¶ 3–4. WBL did not lend any money to Absolut so it could be used for personal, family, or household use. Therefore, the loan is not a mortgage loan under this statutory chapter.

As plainly shown, WBL and the loan to Absolut are not regulated by RSA 397-A. Therefore, the plaintiff's claims under this chapter cannot succeed, and her request for injunctive relief cannot be granted.

Even if this chapter does apply to WBL and this loan, WBL complied with the requirements of disclosure under RSA 397-A:16-a, VI and RSA 399-B:2.

Under RSA 397-A:16-a, VI, the repayment provisions of a second mortgage must be "clearly set forth in the loan documentation and finance charges shall be clearly disclosed in

6

accordance with RSA 399-B:2."  Both the Business Loan Summary and Note comply with these requirements.

The Business Loan Summary is a one-page document that shows: (1) the amount of disbursement, (2) the fees associated with the loan, (3) the total loan amount, (4) the total amount of interest to be charged with this loan, (5) the total amount that Absolut will repay, and (6) the repayment schedule.  These are easy to see, well-spaced on the page, and clearly disclose the loan's finance charges and repayment plan.  These are also outlined on the very first page of the Note.

The plaintiff sets forth many arguments that the disclosure provided was not adequate, but none are availing.  The N.H. Supreme Court has stated that providing the borrower with the "dollar cost of the loan" satisfied the requirements of RSA 399-B:2.  *Brunelle Alum. Prods. v. Caron*, 113 N.H. 730, 731 (1973); *see also Comtois v. MAK Investments, LLC*, 363 B.R. 336, 341 (BNH 2007)("The statute clearly requires that the rate of interest or the total cost of interest be disclosed at the inception of the transaction.").  Here, WBL advised Absolut of the daily interest rate, the total amount of interest that would be paid on the loan, the amount of the loan, and the amount of the loan plus the interest costs.  Absolut was provided with the actual cost of the credit.  The interest rate and the dollar costs were disclosed by WBL.  This satisfies the requirements of RSA 399-B:2.

In addition, WBL advised Absolut of the repayment provisions for the loans.  The Business Loan Summary stated that payments would be due every business day from Jan. 7, 2014 through July 3, 2014.  It provided the amount of each payment of $118.20 with a final payment of $116.67.  These terms were also clearly stated in the Note sec. 3 <u>Payment Schedule/Application of Payments</u>.

As WBL's disclosures comply with RSA 397-A:16-a and RSA 399-B:2, the plaintiff has failed to demonstrate she will be successful on the merits of her claim even if these statutes are found to be applicable to the present case.

### Count III: RSA 399-A

In Count III, the plaintiff has alleged that WBL charged fees prohibited by RSA 399-A:11, XI and improperly secured the loan with real estate in violation of RSA 399-A:11, VIII. The definition section of RSA 399-A (repealed)[1] demonstrates that this chapter does not apply to this loan. The plaintiff alleges that the loan is a "Small Loan" pursuant to RSA 399-A:1 (repealed). A small loan is defined as "a close-end loan in the amount of $10,000 or less." *Id*. at XIV. The loan in this matter, however, was for $11,095.95. This is the amount of the loan disclosed in the Note, the amount in the Business Loan Purpose Affidavit, and Business Loan Summary. The plaintiff cannot rely on the disbursement amount to claim the loan amount was $10,000 or less.

In further support that the loan is not a small loan under RSA 399-A, the current definition of small loan adds an additional requirement: that the loan "is for personal, family, or household use." *Id*. at XX. This currently definition of a small loan should help to inform the interpretation of the chapter and further supports that this chapter does not apply to the loan WBL granted to Absolut. As the owner of Absolut, the plaintiff repeatedly warranted and swore to WBL that the loan would be used for business purposes and not for "personal, consumer, family or household purposes." Although the plaintiff is attempting to characterize the loan as a personal loan to her, this is not the case. This loan was made to a limited liability company for business purposes only.

---

[1] RSA 399-A was repealed and reenacted effective January 1, 2016.

Because the loan to Absolut does not qualify as a small loan under RSA 399-A:1, the remaining provision of this chapter do not apply. Therefore, the plaintiff is unable to carry her burden to show a likelihood of success on this claim.

Count II: RSA 397-A:16-a (foreclosure notice)

Finally, in Count II, the plaintiff alleges that she did not receive proper notice of the foreclosure from WBL pursuant to RSA 397-A:16-a. As discussed previously, this chapter does not apply to the loan at issue in this case. Therefore, the plaintiff cannot show likely success on this claim.

Furthermore, WBL stopped the foreclosure proceeding. If WBL initiates new proceedings, it will provide the notice required by it under RSA 479:25. Because the process would begin again, this claim is moot, and the plaintiff cannot show a likelihood of success on the merits.

    c.   Immediate Threat of Irreparable Harm

A preliminary injunction may only be granted when the moving party demonstrates a threat of irreparable harm if the injunction does not issue. *Gonzalez-Droz v. Gonzalez-Colon*, 573 F.3d 75, 79 (1st Cir. 2009); *Murphy v. McQuade Realty, Inc.*, 122 N.H. 314, 316 (1982). The very purpose of an injunction is only to prevent "imminent irreparable harm"; *Thurston Enters v. Baldi*, 128 N.H. 760, 764 (1986); and to preserve "the status quo pending a final determination of the case on the merits." *Kukene v. Genualdo*, 145 N.H. 1, 4 (2000).

As previously discussed, there is no immediate threat of irreparable harm to the plaintiff. WBL voluntarily stopped foreclosure proceedings and has not initiated new proceedings. Without a pending foreclosure, the plaintiff cannot meet her burden on this second element, and WBL submits her request for a preliminary injunction should be denied.

    d. <u>Balance of Equities</u>

This factor focuses on the "hardship to the movant if an injunction does not issue as contrasted with the hardship to the nonmovant if it does." *Rosario-Urdaz v. Rivera-Hernandez*, 350 F.3d 219, 221 (1st Cir. 2003). The plaintiff has not set forth any facts to show that the balancing of the equities in this matter weigh in favor of granting the preliminary injunction. In fact, the plaintiff has set forth a claim under N.H. CPA RSA 358-A, which demonstrates that if she were to prevail, she has an adequate remedy at law, reducing any claim of hardship.

    e. <u>Public Interest</u>

The final aspect of the analysis looks to "the effect, if any, that an injunction (or the withholding of one) may have on the public interest." *Corp. Techs., Inc. v. Harnett*, 731 F.3d 6, 9 (1st Cir. 2013). This aspect weighs in WBL's favor. There is a public interest is enforcing valid loans and providing security to lenders that they will be able to recover sums lent by them.

**IV.    Conclusion**

Without meeting her burden on any of the four elements necessary for a preliminary injunction , the plaintiff's request must fail. The loan given by WBL to Absolut was a business loan, which the plaintiff cannot now attempt to characterize as a personal loan to help her avoid her obligations.

    WHEREFORE, the Defendant respectfully requests that this Honorable Court:

        a) Deny the Plaintiff's request for a preliminary injunction; and
        b) Schedule a hearing on this motion; and
        c) Grant any other relief as is just and equitable.

                Respectfully submitted,

                WBL SPE II, LLC
                By Its Attorneys,
                UPTON & HATFIELD, LLP

Date:  September 7, 2018        By:  /s/ Susan Aileen Lowry
                                       Susan Aileen Lowry (NHBA 18955)
                                       Sabrina Beavens (NHBA 17525)
                                       10 Centre Street, P.O. Box 1090
                                       Concord, NH 03302-1090
                                       (603) 224-7791

## CERTIFICATION

    I hereby certify that a copy of the foregoing has this day been electronically forwarded through ECF to Peter S. Wright, Jr., Esq.

                                       /s/ Susan Aileen Lowry
                                       Susan Aileen Lowry