UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**Selena S. Randolph**

                **Plaintiff**

                                                                           Civil No.: 1:18-cv-00730-JL

**v.**

**WBL SPE II, LLC**

                **Defendant**

DEFENDANT'S ANSWER and AFFIRMATIVE DEFENSES

NOW COMES the Defendant, WBL SPE II, LLC (hereinafter "WBL"), by and through its attorneys, Upton & Hatfield, LLP, and hereby responds to the Plaintiff's complaint as follows:

**Parties**

1.    WBL is without sufficient knowledge or information to form a belief as to where Selena Randolph ("Randloph") resides.  WBL admits that Ms. Randolph is the owner of 16 Front St, Rochester, NH.

2.    WBL admits that its principle office address is as stated by the Plaintiff and denies the remaining allegations.  By way of further answer, WBL is a foreign limited liability company engaged in commercial lending and servicing of commercial loans.

**Jurisdiction**

3.    Admitted.

**Facts**

4.    WBL is without sufficient knowledge or information to form a belief as to where Ms. Randolph and her mother reside.  WBL admits the remaining allegations.

5. Denied. By way of further answer, Ms. Randolph stated to WBL that she would use the loan for "portfolio expansion" and planned to increase the number of properties in her business from three (3) to five (5).

6. WBL admits that Ms. Randolph likely found WBL through the internet and denies that she applied for the loan in January 2014. By way of further answer, Absolut Residential Care, LLC's (hereinafter "Absolut") Business Loan Application was signed by Ms. Randolph on October 29, 2013.

7. Admitted.

8. Denied. By way of further answer, Absolut was granted a business loan by WBL in the amount of $11,095.95. The proceeds of this loan were deposited into Absolut's bank account on January 6, 2014.

9. Admitted.

10. Admitted.

11. Admitted. By way of further answer, WBL states that the payments were to be made with Absolut's checking account at Citizens Bank.

12. Denied. By way of further answer, WBL states that many payments made towards the loan were returned for insufficient funds and that Absolut is currently in default on the loan. Ms. Randolph has not honored her personal guarantee either.

13. WBL admits that the loan is currently in default and is without sufficient knowledge or information to form a belief as to Absolut's or Ms. Randolph's ability to pay.

14. Admitted.

15. Denied.

16. Denied.

17. Admitted. By way of further answer, WBL has agreed to postpone the scheduled foreclosure sale indefinitely.

### Count I: Violation of RSA 397-A:16-a

18. WBL incorporates its responses to paragraphs 1–17.

19. The allegations in paragraph 18 are conclusions of law to which no response is required.

20. WBL is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20.

21. The allegations in paragraph 21 are conclusions of law to which no response is required.

22. WBL is without sufficient knowledge or information to form a belief as to the factual allegations of paragraph 22. There are also conclusions of law within this paragraph to which no response is required.

23. The allegations in paragraph 23 are conclusions of law to which no response is required.

24. WBL admits that there is and was an existing mortgage on 16 Front St, but WBL is without sufficient knowledge or information to form a belief as to the remaining allegations of this paragraph.

25. The allegations in paragraph 25 are conclusions of law to which no response is required.

26. The allegations in paragraph 26 are conclusions of law to which no response is required.

27. Repayment Disclosures

    a. The allegations in this paragraph are citations to NH RSA to which no response is required.

    b. Denied.

    c. The allegations in this paragraph are conclusions of law to which no response is required.

    d. Denied.

    e. Denied.

    f. Denied.

    g. The allegations in this paragraph are conclusions of law to which no response is required.

28. <u>Finance Charge Disclosures</u>

    a. The allegations in this paragraph are citations to a NH RSA to which no response is required.

    b. The allegations in this paragraph are citations to NH RSA to which no response is required.

    c. The allegations in paragraph 28(c) are conclusions of law to which no response is required.

    d. Denied.

    e. Denied.

    f. Denied.

    g. Denied.

    h. Denied.

    i. Denied.

Interest Rate Caps after Default

    29. WBL incorporates its responses to paragraphs 1–28.

        a. The allegations in paragraph 29(a) are citations to NH RSA to which no response is required.

        b. The allegations in this paragraph are conclusions of law to which no response is required.

        c. Admitted.

        d. Admitted.

        e. Denied.

        f. Admitted.

        g. The allegations in this paragraph are conclusions of law to which no response it required. By way of further answer, WBL denies that the interest cap claimed by the Plaintiff applies to this loan. Even if it does, the note contains a provision that would reduce the interest rate and other charges to the maximum allowable by law.

        h. The allegations in this paragraph are citations to NH RSA to which no response is required.

    30. The allegations in this paragraph are conclusions of law to which no response is required.

    31. The allegations in this paragraph are a request for relief to which no response is required.

    32. The allegations in this paragraph are a request for relief to which no response is required.

33. The allegations in this paragraph are a request for relief to which no response is required.

### Count II: Violation of NH RSA 397-A:16, a, XI

34. WBL incorporates its responses to paragraphs 1–33.

35. The allegations in this paragraph are citations to NH RSA to which no response is required.

36. Admitted. By way of further answer, WBL has postponed the foreclosure sale indefinitely.

37. Denied.

38. The allegations in this paragraph are conclusions of law to which no response is required.

39. The allegations in this paragraph are a request for relief to which no response is required.

40. The allegations in this paragraph are a request for relief to which no response is required.

41. The allegations in this paragraph are a request for relief to which no response is required.

### Count III: Violation of NH RSA 399-A

42. WBL incorporates its responses to paragraphs 1–41.

43. The allegations in this paragraph are conclusions of law to which no response is required.

44. The allegations in this paragraph are conclusions of law to which no response is required.

45. Denied.

46. The allegations in this paragraph are citations to NH RSA to which no response is required.

47. The allegations in this paragraph are citations to NH RSA to which no response is required.

48. The allegations in this paragraph are citations to NH RSA to which no response is required.

49. The allegations in this paragraph are legal conclusions to which no response is required.

50. The allegations in this paragraph are legal conclusions to which no response is required.

51. The allegations in this paragraph are legal conclusions to which no response is required.

52. The allegations in this paragraph are a request for relief to which no response is required.

### Count IV: Violation of NH RSA 358-A:2

53. WBL incorporates its responses to paragraphs 1–52.

54. The allegations in this paragraph are legal conclusions to which no response is required.

55. The allegations in this paragraph are legal conclusions to which no response is required.  To the extent any are factual allegations, they are denied.

56. The allegations in this paragraph are legal conclusions to which no response is required.

57. The allegations in this paragraph are a request for relief to which no response is required.

58. The allegations in this paragraph are a request for relief to which no response is required.

59. **Count V: Preliminary and Permanent Injunction**. The plaintiff has withdrawn her request for a preliminary injunction. To the extent any response is still required, WBL incorporates its objection previously filed with this Court.

   a. The allegations in this paragraph are legal conclusions to which no response is required.

   b. WBL is without sufficient knowledge or information to form a belief as to the residences of Ms. Randolph or her mother. This paragraph also contains legal conclusions to which no response is required.

   c. The allegations in this paragraph are legal conclusions to which no response is required.

   d. The allegations in this paragraph are legal conclusions to which no response is required.

   e. WBL incorporates its response to the plaintiff's allegations and defenses within her complaint.

   f. The allegations in this paragraph are legal conclusions to which no response is required.

## WBL'S AFFIRMATIVE DEFENSES

A. The plaintiff's claim are barred, in whole or in part, by the doctrines of waiver, estoppel, res judicata, and laches.

B. The plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and by fraud.

C. The plaintiff has failed to state claims upon which relief can be granted.

D. The plaintiff lacks standing to sue on one or more of the counts of the complaint.

E. The plaintiff's claims are barred, in whole or in part, on the applicable statute of limitations.

F. WBL reserves its right to amend its affirmative defenses as the plaintiff's claim are more fully developed through discovery.

**WHEREFORE**, the Defendant requests that the complaint be dismiss, that it be awarded its fees and costs, and for such other and further relief as may be just and equitable.

Respectfully submitted,

WBL SPE II, LLC
By Its Attorneys,
UPTON & HATFIELD, LLP

Date:  October 23, 2018          By:  /s/ Susan Aileen Lowry
                                      Susan Aileen Lowry  (NHBA 18955)
                                      Sabrina Beavens (NHBA 17525)
                                      10 Centre Street, P.O. Box 1090
                                      Concord, NH 03302-1090
                                      (603) 224-7791

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this day been forwarded via ECF to all counsel of record.

/s/ Susan Aileen Lowry
Susan Aileen Lowry