UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Selena S. Randolph,
    Plaintiff,　　　　　　　　　　　　　Case No 18-cv-00730

v.

WBL SPE II, LLC, as successor to
World Business Lenders, LLC,
    Defendant.

Plaintiff's Reply Memorandum of Law in Opposition to
Defendant's Objection to Plaintiff's Motion for Summary Judgment

As permitted by Local Rule 7.1 (e)(1), plaintiff submits the following reply memorandum to rebut the legal arguments raised in defendant's objection:

1. Plaintiff has standing to challenge the legality of the promissory note in question as she has personal liability to pay the note by virtue of the personal guarantee she signed.

    It is uncontested that plaintiff is a guarantor of the underlying note between Absolut Residential Care, LLC and WBL. By the terms of that guaranty, plaintiff "guarantees payment of the obligations defined [in the guarantee contract] when due . .

Plaintiff has asserted that the underlying note is illegal because it violates RSA 397-A:16-a. In Count I plaintiff seeks the Court's determination that

the loan and accompanying mortgage are void and unenforceable as the product of an illegal contract. Complaint, page 10. In her prayer for relief, plaintiff seeks judgment that the $10,000 loan and mortgage are void because they are the product of an illegal contract because WBL willfully and flagrantly exceeded the permitted rate caps six months after default imposed by RSA 397-A:16-a.

Plaintiff originally filed this suit to enjoin the foreclosure of her 16 Front Street property. For reasons known to her, she conveyed this property to her daughter on August 28, 2019. While she no longer has an ownership interest in the 16 Front Street property, she has the right to obtain a determination that the underlying loan is illegal. Under principles of *res judicata*, she is bound to raise all claims against WBL in this single suit.

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980).

Havercombe v. Dep't of Educ. of the Commonwealth, 250 F.3d 1, 3, 2001 U.S. App. LEXIS 8829, *4, 85 Fair Empl. Prac. Cas. (BNA) 1724, 82 Empl. Prac. Dec. (CCH) P40,907

Illegality of the underlying contract, accommodated by the personal guarantee, is a claim which the guarantor may raise in her own right as guarantor. Because plaintiff has a personal stake in the outcome of this claim, she has standing.

2

Standing is conferred on an individual when he has a "personal stake in the outcome," which is determined pursuant to a three part test. *Pagan v Calderon*, 448 F.3d 16, 27 (1st Cir. 2006)  The First Circuit has outlined that test as follows:

> The first of these prerequisites deals with harm.  The {counterclaimant} must adequately allege that he suffered or is threatened by an injury in fact to a cognizable interest.  An injury in fact is one that is concrete and particularized, on the one hand, and actual or imminent {as opposed to conjectural or hypothetica}, on the other hand.  In turn, a particularized injury is one that affects the plaintiff in a personal and individual way. *Maine Windjammers, Inc. v SEA3, LLC, 2019* WL 2178606, p. 5  (1st Cir. 2019)

Plaintiff satisfies this element as she is personally liable to pay the underlying debt, including any deficiency which may remain post foreclosure.  Personal liability for the $67,000 claim is a concrete and particularized injury.

The second prerequisite deals with causation (what some courts have called "traceability")  To meet this requirement, the {counterclaimant| must adequately allege that the asserted injury is causally connected  to the challenged conduct.  This causal connection must be demonstrable, in other words, it cannot be overly attenuated. *Id.*

3

Plaintiff satisfies this element as her obligation to pay is the direct result of her agreement to guarantee payment of the underlying contract. The fact that the illegal contract is not enforceable, has direct bearing on her liability to pay anything.

The third prerequisite is redressability. The {counterclaimant} must adequately allege that a favorable result in the litigation is likely to redress the asserted injury. **Id**, 6

That element is satisfied as a determination by this Court that the underlying contract is illegal and unenforceable would provide plaintiff with a solid defense against any claim arising under the guarantee she signed. Thus, plaintiff has standing.

2. Plaintiff has a private right of action to void an illegal contract because this is a claim based on common law contract principles.

By the terms of the underlying note, interest continues to accrue at the rate of 125% per annum indefinitely, even after the note has matured. For this reason, interest accruing on the original $10,000 principal has ballooned to $50,000 as of 2018. RSA 397-A:16-a provides that such assessment of interest is a crime. The statute provides that six months after the final due date of the note,

interest is capped at 18%. RSA 397-A:16-a, II. Violation of this provision is a crime. The penalty is set forth in the statute.

> Any person who violates any provision of this chapter shall be guilty of a misdemeanor for each violation if a natural person, or guilty of a felony if any other person. RSA 397-A:20

When plaintiff seeks this Court's determination that the note is illegal, she is invoking the common law of contracts which provides that illegal contracts are not enforceable. This principle has been recognized and applied by the New Hampshire Supreme Court.

> We will not enforce a contract or contract term that contravenes public policy. (citations omitted) An agreement is against public policy if it is injurious to the interests of the public, contravenes some established interest of society, violates some public statute, is against good morals, tends to interfere with the public welfare or safety, or, as it is sometimes put, if it is at war with the interests of society and is in conflict with the morals of the time. **Harper v Healthsource New Hampshire,** 140 N.H. 770, 775 (NHSC 1995)

By challenging the legality of the note, plaintiff is not enforcing RSA 397-A, she is invoking the common law principal governing illegal contracts.

Plaintiff would assert the same reasoning to defendant's claim that RSA 399-A lacks a private right of action. In challenging the legality of the note which contravenes RSA 399-A, a similar penalty is provided.

> Any person or the members, officers, directors, agents, and employees thereof who knowingly violate any provision of this chapter shall be guilty of a misdemeanor if a natural person, or a felony if any other person. RSA 399-A:23

3. A fair reading of RSA 397-A:16(a) requires distinguishing between a "mortgage loan" and a "second mortgage loan".

Some ambiguity seems to exist within RSA 397-A concerning regulation of mortgage loans and second mortgage loans. This ambiguity probably was caused when the legislature repealed RSA 398-A, the former Second Mortgage Home Loan Act, and resurrected its provisions in RSA 397-A:16-A. A "mortgage loan" would appear to encompass consumer loans since its definition includes the phrase "primarily for personal, family, or household use". RSA 397-A:1, XIV. The "second mortgage loan" definition does not include that phrase. Thus, a second mortgage loan would include the loan at issue in this case, even though the purpose of the loan was for commercial purposes. If the terms "mortgage loan" and "second mortgage loan" described the same type of loan, one of the two terms would be superfluous or redundant. But such surmise is inconsistent with the maxim of statutory construction that all words and provisions of statutes are intended to have meaning and are to be given effect, and no construction should be adopted which would render statutory words or phrases meaningless, redundant or superfluous. *U.S. v Caraballo*, 200 F.3d 331. (C.A.1 (N.H.) 1996.

4. Plaintiff does not seek summary judgment on her RSA 358-A claims as a genuine issue of fact likely exists concerning the degree of rascality

involved in this commercial loan. Whether the terms of the loan, given its violation of the statutes cited, rises to the level of rascality which would raise the eyebrows of one inured to the rough and tumble of commerce remains an unresolved question of fact. *Barrows v Boles*, 141 N.H.382, (NHSC 1996).

             Respectfully submitted,
             Selena Randolph
             By her attorney
             Civil Practice Clinic at UNH Law
             By: **/s/ Peter S. Wright, Jr., Esq**. Bar No. 2797
             Two White Street
             Concord, New Hampshire 03301
             (603) 513-5163
             Peter. Wright@law.unh.edu

## Certificate of Service

I certify that a copy of the foregoing reply memo was served upon Susan Lowry, Esq. this date through the ECF filing system

November 6, 2019        */s/ Peter S. Wright, Jr., Esq.*