UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Selena S. Randolph,<br>    Plaintiff<br><br>v.<br><br>WBL SPE II, LLC, as successor to<br>World Business Lenders, LLC,<br>    Defendant | Civil No. 1:18-cv-00730-JL |

## PLAINTIFF'S OBJECTION TO DEFENDANT'S

## MOTION FOR SANCTIONS

**NOW COMES** plaintiff, Selena Randolph, by and through her attorney, and objects to defendant's (WBL's) Motion for Sanctions on the following grounds:

1. This case involves plaintiff's challenge to the legality of an Internet originated loan extended by defendant to plaintiff.

2. In furtherance of its defense, defendant has requested complete copies of bank records from plaintiff's accounts in which the loan funds were collected and disbursed. Plaintiff produced the first several pages of the accounts, but has not produced the balance of these accounts.

3. Defendant obtained a court order compelling plaintiff to produce the bank records on or before January 10. The Order is dated December 27, 2019.

4. Defense counsel has had difficulty communicating with Ms. Randolph.

5. Despite numerous attempts to obtain either the requested records or an authorization to permit counsel to obtain them, Ms. Randolph has been unwilling or unable to cooperate.

6. After a series of unsuccessful calls, emails and regular mail entreaties, counsel sent a student to visit Ms. Reynolds with releases in hand. Please see affidavit of Jaron Castranio detailing his interaction with someone he believed to be Ms. Randolph.

7. Following this interaction and an extensive phone call between Ms. Randolph and her counsel, she signed and sent back an authorization to Bank of America that day, January 21, 2020.

8. The very next day, undersigned counsel sent a letter via fax to Bank of America's Legal Order Processing department, including the release, requesting the bank records the defendant seeks. See attached Exhibit A.

9. A representative of Bank of America in the Concord office estimated that the request might take one and a half weeks to process.

10. Upon receipt of these documents, the Plaintiff will promptly provide same to opposing counsel.

11. This Court's Order also provides:

> To the extent that water damage to certain of plaintiff's business records prevents her from producing responsive documents, plaintiff shall undertake reasonable efforts to provide all complete and responsive information that is within her possession, custody or control.

12. As has been previously indicated to the Court by way of affidavit, the records were badly water-damaged and subsequently destroyed in connection with flood cleanup and restoration by Serv-Pro.

13. Therefore, the Plaintiff cannot produce the requested records, due to no fault of her own.

14. Outright dismissal of the suit would be unduly harsh, as the legal claims advanced on Ms. Randolph's behalf have merit, and the loan in which her company became involved violates New Hampshire law in several respects.

15. The First Circuit has long held that a case should not be dismissed with prejudice except when a plaintiff's misconduct is particularly egregious or extreme. *Benjamin v. Aroostook Med. Ctr., Inc.*, 57 F.3d 101, 107 (1st Cir. 1995). The law's preference is that cases be disposed of on the merits. *See Pomales v. Celulares Telefonica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003).

16. Mere delay of discovery compliance does not rise to the level of extreme misconduct warranting dismissal. *Cf. Benitez-Garcia v. Gonzales-Vega*, 468 F.3d 1, 3 (1st Cir. 2006) (finding the district court erred when it dismissed the case when the plaintiffs failed to meet three of four discovery deadlines).

17. No memorandum of law is offered in support of this objection as the law is clear and any remedy is within the sound discretion of the Court.

WHEREFORE, the plaintiff respectfully requests that:

1. Defendant's Motion for Sanctions be denied;
2. That the case not be dismissed;
3. That attorney's fees not be ordered, as the circumstances make such an award of expenses unjust;
4. And for such other and further relief as is just.

                                              Respectfully submitted,
                                              Selena Randolph

By her counsel
UNH Franklin Pierce School of Law-Clinics
2 White Street
Concord, New Hampshire 03301
603-513-5163
Peter.wright@law.unh.edu

By: */s/ Peter S. Wright, Jr., Esq.*
*NH Bar No 2797*

## Certificate of Service

I certify that a copy of this Objection to defendant's Motion for Sanctions was served upon Susan Lowry, Esq. and Sabrina Beavens, Esq. this 24th day of January, 2020 through the Court's ECF system.

January 24, 2020                               */s/ Peter S. Wright, Jr., Esq.*
                                               *NH Bar No 2797*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Selena S. Randolph

v.

Civil No. 18-cv-730-JL

WBL SPE II, LLC, as successor
to World Business Lenders, LLC

## AFFIDAVIT OF JARON CASTRANIO

NOW COMES Jaron Castranio who upon oath states as follows:

1. On the morning of Tuesday January 21, 2020, I was working in the Civil Practice Clinic at the University of New Hampshire Franklin Pierce School of Law.

2. I met with Attorney Wright to discuss getting bank releases from Selena Randolph.

3. The releases had been sent in the mail and by email on two earlier occasions but were not returned.

4. I volunteered to drive to 16 Front Street, Rochester, NH 03868 and attempted to speak to Selena Randolph after multiple failed attempts to contact her.

5. Before leaving the Clinic, I found a color photo of Selena Randolph to use as a reference.

6. At 16 Front Street, Rochester, NH 03868, I spoke to an African American woman who resembled the color photo of Selena Randolph that I saw.

7. I introduced myself to the African American woman and stated that I was looking for Selena Randolph.

8. I was informed that Selena Randolph now lives in Massachusetts and that the woman did not have Selena's contact information.

9. As I was preparing to leave 16 Front Street, Rochester, NH 03868, the woman stated that she would let Selena know that I had stopped by.

10. As a result of my contact with Selena, she relented and called Attorney Wright and faxed the signed bank release forms to him.

11. The bank release forms were hand delivered to Bank of America at 118 Storrs Street, Concord NH 03301. The manager informed that the forms had to be faxed to Legal Order Processing at 617-310-2751.

12. We prepared the enclosed requests for the bank records and faxed them to Legal Order Processing.

13. I swear that the foregoing Affidavit is true.

Respectfully Submitted,

*Jaron Castranio*

Dated January 24, 2020

STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

Before me, the undersigned officer, personally appeared Jaron Castranio, known to me or satisfactorily proven to be the person signing this affidavit, who stated under oath that the statements in the Affidavit are true.

Dated: January 24, 2020

*Lynn A. Blanchard*
Justice of the Peace/ Notary Public

LYNN A. BLANCHARD, Notary Public
My Commission Expires May 6, 2020